**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

DEANDRE JEROD COTHRAN,

                    Plaintiff,

v.

JAMES RUSSELL, et al.,

                    Defendants.

Case No. 2:17-cv-04012-NKL

## ORDER

Defendants the Missouri Department of Corrections ("MDOC"), Anne Precythe, Sherie Korneman, and James Russell move to dismiss the first amended complaint filed by plaintiff De'Andre Cothran. Doc. 106. For the following reasons, Defendants' motion to dismiss is granted.

## I.      Background

Cothran's amended complaint, which he filed on March 4, 2019, asserts claims pursuant to 42 U.S.C. § 1983 against Russell, in both his individual and official capacities, for excessive use of force (Count I) and against MDOC, Precythe, and Korneman, in their individual and official capacities, for deliberate indifference (Count II). Cothran's claims arise out of Russell's discharge of pepper spray into Cothran's closed cell and the aftermath. On March 6, 2019, Defendants filed the pending motion to dismiss.

## II.      Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible

on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

## III. Discussion

### A. Whether Sovereign Immunity Bars the Claim Against MDOC

Defendants argue that the claims against MDOC must be dismissed because MDOC is entitled to sovereign immunity. The doctrine of sovereign immunity provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Employees v. Missouri Pub. Health & Welfare Dep't*, 411 U.S. 279, 280 (1973).

A suit against MDOC is, in effect, a suit against the State of Missouri, which is absolutely immune from liability under § 1983. *See Lococo v. Florissant Police Dep't*, No. 08-0143 ERW, 2008 WL 554254, *2 (E.D. Mo. Feb. 27, 2008) ("[A] suit against the Missouri Department of Corrections . . . is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a 'person' for purposes of a § 1983 action and is absolutely immune from liability under § 1983." (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989))).

Cothran argues that the doctrine is "applicable only to any claim for monetary damages against the DOC." Doc. 113 (Plaintiff Deandre Cothran's Suggestions in Opposition to Defendants' Motion to Dismiss), p. 3. However, "[t]his jurisdictional bar applies regardless of the

nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Harris v. McSwain*, 417 F. App'x 594, 595 (8th Cir. 2011) ("[The] Eleventh Amendment bars suits against states and state agencies for any kind of relief."). Cothran's claim against MDOC thus is barred by sovereign immunity and must be dismissed.

### B. Whether Cothran Failed to Exhaust His Administrative Remedies as to Precythe and Korneman

Defendants argue that Cothran's claims against Precythe and Korneman must be dismissed because Cothran did not file a grievance against them, and therefore has not exhausted his administrative remedies. Doc. 107 (Defendants' Memorandum of Law), p. 5.

The Prison Litigation Reform Act ("PLRA") requires exhaustion of "such administrative remedies as are available . . . ." 42 U.S.C. § 1997e(a). However, "nothing in the statute imposes a 'name all defendants' requirement . . . ." *Jones v. Bock*, 549 U.S. 199, 217, 219 (2007). Thus, Cothran's failure to name Precythe and Korneman in his administrative grievance by itself is not fatal to his claim.

On the other hand, Cothran's administrative complaints were limited in scope. While Cothran's claim against Russell concerns the pepper-spray incident, his claim against Precythe and Korneman concerns how Cothran was treated *after* Russell sprayed him. Cothran's grievances complain of the pepper spraying itself, but they do not discuss the aftermath. There is no mention in any administrative complaint in the record[1] of any delay in treating him or any failure to treat him, or of any failure to provide him with access to running water after he was sprayed. Cothran

---

[1] The Court is obligated "to make findings of fact on the question of exhaustion." *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (holding that, "once the defendants filed their motion to dismiss the court was obligated to proceed to determine whether in fact [plaintiff] had exhausted his administrative remedies," an inquiry "requiring . . . findings of fact on the question of exhaustion.").

thus gave Precythe and Korneman no opportunity "to address complaints about the program [they] administer[] before being subjected to suit" or to "improv[e] litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. As such, the Court cannot but conclude that Cothran failed to exhaust his administrative remedies as to the claims asserted against Precythe and Korneman, and those claims must be dismissed.[2]

### C. Whether the Eleventh Amendment Bars Claims Against Russell in His Official Capacity

Defendants argue that the Eleventh Amendment bars the official-capacity claim against Russell. The amended complaint alleges that Russell is a state employee. Doc. 103 (Amended Complaint), ¶ 5. Generally, claims against state officials in their official capacity are considered claims against the State. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). However, the Supreme Court has recognized an important exception to this general rule: under the *Ex parte Young* doctrine,[3] "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment." *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Defendant Russell, however, has retired and is no longer employed by MDOC. Therefore, it would be impossible for him to execute the injunctive relief that Cothran seeks. *See Randolph v. Rodgers*, 253 F.3d 342, 345–46 (8th Cir. 2001) (finding prisoner's claim for injunctive relief moot as to prison officials not employed at prisoner's current place of incarceration). The official-

---

[2] Because the claims against Precythe and Korneman must be dismissed for failure to exhaust administrative remedies, the Court need not consider whether the Eleventh Amendment protects them from Cothran's official-capacity claims, or whether qualified immunity protects them from Cothran's claims more generally.

[3] *See Ex parte Young*, 209 U.S. 123 (1908).

capacity claim against Russell accordingly must be dismissed.

**IV.     Conclusion**

For the reasons discussed above, Defendants' motion to dismiss is granted.  The Court dismisses all claims against MDOC on the ground of sovereign immunity, dismisses the claims against Precythe and Korneman because Cothran has not exhausted his administrative remedies as the PLRA requires, and dismisses Cothran's claim against Russell in his official capacity as moot.

<u>s/ Nanette K. Laughrey</u>
NANETTE K. LAUGHREY
United States District Judge

Dated:  <u>May 18, 2019</u>
Jefferson City, Missouri