# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

DEANDRE JEROD COTHRAN,

        Plaintiff,

v.

        Case No. 2:17-cv-04012-NKL

JAMES RUSSELL,

        Defendant.

## ORDER

    Before the Court is Defendant James Russell's third motion for summary judgment, Doc. 135, and Plaintiff's motion for leave to file sur-reply in opposition to Defendant's motion, Doc. 146. Defendant's motion for summary judgment is denied. Plaintiff's motion is denied as moot.

**I.    Factual Background**

    On April 24, 2016, Mr. DeAndre Cothran was an inmate incarcerated at Western Missouri Correctional Center ("WMCC") with the Missouri Department of Corrections ("MDOC"). Doc. 140 (Plaintiff's Response to Defendant's Statement of Facts), p. 1. At 8:00 p.m., Mr. Cothran was in his cell in the Administration Segregation Unit of WMCC ("Ad Seg") with another inmate, Dywon Newell. *Id*.

    That evening Corrections Officer James Russell was working as a Lieutenant and assigned to the Ad Seg unit. *Id*. at 2. While Mr. Russell was making his rounds, he heard the sound of a cell door being kicked. *Id*. at 3. Mr. Russell contends that Mr. Newell was kicking the door and yelling and that the cell door was shaking. *Id*. Mr. Cothran denies that the cell door

1

shook and maintains that Mr. Newell only kicked the door twice. *Id*. at 3–4. There is no dispute that Mr. Cothran was uninvolved in kicking the door or causing a disturbance. Doc. 142 (Defendant's Reply in Support of Motion for Summary Judgment), p. 4.

Mr. Russell claims that upon seeing the door shaking, he warned Mr. Newell that he would use pepper spray if Mr. Newell did not stop kicking the door. Doc. 140, p. 3. Mr. Cothran denies this and contends Mr. Russell offered no such warning. *Id*. Mr. Russell then shot a burst of pepper spray into the cell door through the cell door's food port. *Id*. Mr. Russell claims that Mr. Cothran could only have been affected by residual exposure to the pepper spray, because he did not intentionally aim the spray at Mr. Cothran, though he concedes that if he had done so, it would have constituted improper use of force. *Id*. at 4; Doc. 142, p. 5. Mr. Cothran denies this, asserting Mr. Russell directly and intentionally sprayed him with pepper spray, which caused him physical pain and suffering. Doc 140, p. 8.

After the application of pepper spray, Mr. Russell left the Ad Seg area and Mr. Cothran was taken to the nurse. Doc. 140, p. 5. The nurse's report states Mr. Cothran complained that his eyes were burning. Doc. 139, Exhibit D-7.[1] The nurse noted that his eyes were not affected, but she recommended that Mr. Cothran's mucus membranes should be flushed with copious amounts of water, that he should consider showering with cool water and soap, and that he should notify medical immediately if he experiences any shortness of breath or difficulty

---

[1] Plaintiff objects to the Court's consideration of the nurse's report on the grounds that it is inadmissible hearsay. "[W]ithout a showing of admissibility, a party may not rely on hearsay evidence to support or oppose [a summary judgment] motion." *Walker v. Wayne Cty., Iowa*, 850 F.2d 433, 434 (8th Cir. 1988). The statements made by Mr. Cothran in the report are hearsay, and the report itself containing the nurse's assessment of Mr. Cothran is a second layer of hearsay. For the purposes of this summary judgment motion, the Court finds that Defendant has made a showing that each layer is admissible under the exceptions to the rule against hearsay in Federal Rule of Evidence 803(4) and (6), and therefore the Court will consider the report. *See* Doc. 144.

breathing. *Id*. Mr. Cothran claims he was then placed in a cell without functioning water facilities for several days. Doc. 142, p. 5. It is undisputed that he does not have any residual medical issues from exposure to the pepper spray. Doc. 140, p. 7.

In 2017, Mr. Cothran filed a civil rights Complaint alleging that Mr. Russell had engaged in excessive use of force. Doc. 1. On March 19, 2018, Mr. Russell moved for summary judgment on the grounds that Mr. Cothran had failed to establish excessive force and that Mr. Russell was entitled to qualified immunity. Doc. 34. On May 29, 2018, that motion was denied, because the Court found "genuine issues of material fact remain as to whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by Defendant, any efforts by Defendant to temper the severity of his forceful response, and the extent of Plaintiff's injuries." Order, Doc. 54, p.7. On December 21, 2018, Mr. Russell filed his second motion for summary judgment on the same grounds—that Mr. Cothran had failed to establish excessive force and that Mr. Russell is entitled to qualified immunity. Doc. 78. On February 26, 2019, the Court denied this motion, because genuine issues of material fact remained, including whether Mr. Russell intentionally directed pepper spray at Mr. Cothran and whether Mr. Russell warned Mr. Cothran that he intended to administer pepper spray, and therefore Mr. Russell had not established as a matter of law that there was no constitutional violation or that he was entitled to qualified immunity. Order, Doc. 100.

On March 4, 2019, Mr. Cothran filed an amended Complaint, adding a deliberate indifference claim against MDOC, as well as WMCC Warden Sherie Korneman and MDOC Director Anne Precythe, each in their individual and official capacities. Doc. 103. On May 18, 2019, Defendants MDOC, Precythe, and Korneman were dismissed from this case, and the claim

against Mr. Russell in his official capacity was dismissed as moot. Order, Doc. 116. Mr. Russell has now filed a third motion for summary judgment.

**II.     Analysis**

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Durham D&M, LLC*, 606 F.3d 513, 518 (8th Cir. 2010); Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing a lack of genuine issue of material fact. *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010). The Court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation and citation omitted).

Mr. Russell's third motion for summary judgment is based on the same grounds as his first and second motions: that Mr. Cothran has failed to establish that Mr. Russell used excessive force because the injury was de minimis and the pepper spray was not applied intentionally or maliciously, and that Mr. Russell is entitled to qualified immunity. Mr. Russell does not assert that new facts or law require changing the Court's prior conclusions.[2]

The only new evidence cited, presented in support of his argument that Mr. Cothran suffered only de minimis injury that is insufficient to support a finding of a constitutional violation, is Mr.Cothran's medical records from the prison medical facility. Doc. 139, Exhibit D-7–8; Doc. 144. In a nurse's report taken immediately after the pepper spray incident, the nurse notes that Mr. Cothran's eyes were not affected. *Id*. However, the nurse also notes that

---

[2] The only change in circumstances Mr. Russell cites is Mr. Cothran's filing of his first amended Complaint and the Court's subsequent dismissal of other defendants. The amended Complaint and the dismissal, however, did not change the allegations or claims against Mr. Russell in his personal capacity.

4

Mr. Cothran complained his eyes were burning and recommends that Mr. Cothran's mucus membranes should be flushed with copious amounts of water, that he should consider showering with cool water and soap, and that he should notify medical staff immediately if he experiences any shortness of breath or difficulty breathing. *Id*.

The Court has already concluded in its prior Order that "[t]here is no question that there is evidence of injury in this case," Doc. 100, p. 5, and this new evidence does not overcome that finding. Rather, the nurse's contrasting assessment and treatment recommendations further underscore the factual dispute as to the existence and severity of the injury. That the medical records may not reflect a more permanent injury does not decide the issue, because as the Court previously held, "[t]he fact that Mr. Cothran may have sustained no *serious* injuries is not determinative." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). Moreover, Mr. Cothran has responded with evidence demonstrating the continued dispute of material fact. *See* Doc. 140-2 (Mr. Cothran's sworn testimony stating, "[a]s a result of being sprayed directly and intentionally with pepper spray, I experienced pain and suffering"). In addition, the parties still dispute whether Mr. Russell intentionally and directly sprayed Mr. Cothran without warning— Mr. Russell himself admits that, if he did, it would have constituted an improper use of force. *See* Doc. 142, p. 4–5. These are essential elements of Mr. Cothran's excessive force claim.

After reviewing all the evidence in the light most favorable to Mr. Cothran and giving him the benefit of all inferences that may reasonably be drawn from the evidence, the Court concludes that genuine issues of material fact remain as to the existence and extent of a constitutional violation, and Mr. Russell has not presented evidence resolving in his favor the issues of fact identified in the Court's prior Orders. Because Mr. Russell has cited neither any case law nor any evidence that warrants changing the Court's prior conclusions as to the use of

excessive force or Mr. Russell's entitlement to qualified immunity, Defendant's motion for summary judgment is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 22, 2019  
Jefferson City, Missouri